IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 40,869-04






EX PARTE DONALD JOSEPH RANDLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 657088

IN THE 176TH DISTRICT COURT OF HARRIS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the
offense of possession of a controlled substance, and punishment was assessed at forty-five years'
confinement. Applicant's conviction was affirmed on appeal. Randle v. State No. 01-95-00748-CR
(Tex. App. --Houston [1st Dist.], delivered March 6, 1997, no pet.).

 Applicant contends that his parole was improperly revoked because the complainant who
accused him of assault admitted she lied about the assault and was held in contempt of court for
doing so.

 We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed and because this Court
does not hear evidence, the trial court is the appropriate forum. The trial court may resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from Texas Department of Criminal Justice - Parole Division, or it
may order a hearing. In the appropriate case the trial court may also rely on its personal recollection. 
The trial court shall also obtain from Texas Department of Criminal Justice - Parole Division any
records regarding Applicant's parole revocation hearing and shall forward those records.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be represented
by counsel, the trial court will then, pursuant to the provisions of Tex. Code Crim. Proc. art. 26.04,
appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact as to
whether Applicant's parole was improperly revoked. The trial court should also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex. Crim.
App. 1960), this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be accomplished
by the trial court within 90 days of the date of this order. (1) A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE TWENTY-SECOND DAY OF NOVEMBER, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.